UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

TONYA WATSON,   CASE NO.
      PLAINTIFF,
                                    HON.

v.

GREYHOUND LINES, Inc.,
      DEFENDANT.   Trial by Jury Requested

_____/
LAW OFFICE BERNADINE B. TROUT, RN, JD, PLLC
Bernadine B. Trout P47000
Attorney for Plaintiff
21411 Civic Center Drive Suite 312
Southfield, MI 48076
248-386-9900
Bernadine@btroutlaw.com
_____/

## CIVIL COMPLAINT

There is no other civil action currently before the Court arising out of the same transaction or occurrence as alleged in this complaint.

NOW COMES Plaintiff by and through her attorney, Bernadine B. Trout, for her complaint against Defendant, stating the following:

### JURISDICTION AND VENUE

1. At all times relevant to this lawsuit, Plaintiff Tanya Watkins, was an individual residing in the City of Detroit, County of Wayne, State of Michigan.

2. Defendant, John V. Watts, at all times relevant to this matter was an employee of defendant, Greyhound Lines, residing in the state of Georgia.

3. Defendant, Greyhound Lines, is a Delaware Corporation with its principal place of business at 350 N. St. Paul Street, Dallas Texas 75201.

4. Defendant provides interstate bus transportation and is a subsidiary, through a number of intermediate companies, of FirstGroup PLC.

5. Defendant operates a fixed-route within the meaning of 49 C.F.R. § Parts 37.3; is a large operator of such buses within the meaning of 42 U.S.C. § 12181 (4).

6. This Court has jurisdiction of this cause under 28 U.S.C. §1332. This Court has supplemental jurisdiction under 28 U.S.C. section 1367

7. Venue is proper under 28 U.S.C. section 1391 in that the Defendant Greyhound, continuously and systematically conducts business in the City of Detroit, County of Wayne, State of Michigan.  Eastern District of Michigan, Detroit Division.

8. The acts, transaction, and occurrence giving rise to this cause of action occurred within the confines of the State of Kentucky.

9. The amount in controversy greatly exceeds the sum Seventy-five thousand ($75,000.00) Dollars, exclusive of costs, interest, attorney fees, punitive and exemplary damages.

10. Jurisdiction is properly vested with this court.

### FACTS/NATURE OF THE CASE

11. Plaintiff restate and re-allege each allegation contained within paragraphs 1-8 of this Complaint as fully set forth here.

12. On august 15, 2019, Plaintiff boarded a Greyhound bus in Atlanta Georgia.

13. Plaintiff's final destination was Detroit Michigan.

14. At all times relevant, Defendant, Greyhound Lines Inc., was the owner of the subject us in which the Plaintiff was a passenger.

15. At all times relevant, Defendant Greyhound Lines, Inc., was the employer of John V. Watts, who was the driver of the subject Greyhound bus.

16. At all times relevant, John V. Watts, was the driver of the above-described Greyhound bus at the expressed and/or implied consent of the owner, Grey Hound Lines Inc.

17. Defendant, Greyhound Lines Inc., is liable to the Plaintiff for the negligent acts of its employees, specifically employee, John V. Watts, by the doctrine of respondeat superior, vicarious liability.

18. On August 15, 2019, at approximately 6:15 p.m., John V. Watts, while acting within the course of the scope of his employment with Defendant, Greyhound Lines Inc., was seen operating a mobile telephone, lost control of the Greyhound bus that he was operating, causing the vehicle to leave the lane to the left, correcting the lane departure veered to the right and collided with a semi-truck.

19. The Plaintiff suffered serious and permanent bodily injuries as a direct and proximate result of John V. Watts, losing control of the bus, presumedly while allegedly while operating a mobile communication device.

## COUNT I

### NEGLIGENCE/GROSS NEGLIGENCE AGAINST DEFENDANT, GREYHOUND LINES, INC.

20. The allegations in paragraphs 1 through 17 are incorporated in full.

21. At the time of the accident, Defendant, Greyhound Lines, Inc., and employees of Defendant, Greyhound Lines Inc., owed certain duties, including a heightened duty of care as a common carrier, to the general public, and in particular, to

Plaintiff, to operate a motor vehicle under a reasonable, prudent and safe manner so as to avoid injuries to the Plaintiff.

22. On August 15, 2019, Defendant, Greyhound Lines Inc., breached it's duties when John V. Watts, driver of the subject Greyhound bus, operated the bus in a negligent grossly negligent, reckless, careless, willful, and wanton manner, in the following ways, including but not limited to:

   a. Driving a vehicle upon a public highway in a willful and/or wanton disregard for the safety of others;

   b. Failure to operate a vehicle in a careful manner, with regard for the safety and convenience of pedestrians and other vehicles upon the highway in violation of KRS 189.290 (1).;

   c. Used a personal communication device operated a motor vehicle while writing, sending and/or reading text-based communication using a personal communication device, in violation of KRS 189.292(2).;

   d. Used a hand-held mobile telephone while driving a Commercial Motor Vehicle, in violation of 49 CFR §392.82 (a)(1);

   e. Engaged in texting while driving in violation of 49 CFR §392.80 (a);

   f. Failing to excise due care to avoid colliding with a semi-truck;

   g. Failing to take appropriate, evasive action;

   h. All other violations revealed during the discovery process.

23. At all times relevant, Defendant, Greyhound Lines, Inc., and its employees including, but not limited to, John V. Watts, acted with a substantial disregard for whether injury would occur, or otherwise in a grossly negligent manner.

24. As a direct result of Defendant, Greyhound, Lines Inc., (and its employee's including, but not limited to John V. Watts) negligence and gross negligence, Plaintiff suffered, and will continue to suffer, from severe and permanent injuries.

## COUNT II

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

25. The allegations in paragraphs 1 through 22 are incorporated in full.

26. As a result of the Greyhound bus veering off to the left then over correcting and colliding with the truck in the right lane, causing it to turn over on its side and all the passengers in the Greyhound bus having to exit the vehicle via a window, injured the Plaintiff both physically and mentally.

27. The Plaintiff witnessed, and was directly involved in this serious life-threatening collision, which was of such a nature to cause severe mental and emotional disturbances.

28. The shock from the collision has caused Plaintiff to suffer from stress, anxiety, fear, restlessness, trembling, and all damages set forth in Count I of this Complaint.

29. Plaintiff has suffered serious emotional distress as she is unable to cope adequately with the mental distressing gendered by the circumstances of the traffic collision.

30. It was reasonably foreseeable that each Plaintiff would suffer serious emotional distress resulting from Defendant's conduct.

31. The serious emotional distress suffered by the Plaintiff was a direct result of being involved in the crash, and was placed in fear of actual physical peril during the crash.

WHEREFORE, Plaintiff respectfully request this honorable Court enter Judgment in her favor and against Defendant in an amount in excess of Seventy-five thousand ($75,000.00) Dollars and award costs, interest, attorney fees and exemplary damages so wrongfully incurred.

Respectfully Submitted,
LAW OFFICE BERNADINE B. TROUT, R.N. J.D., PLLC
 /s/ *Bernadine B. Trout*
Bernadine B. Trout P47000
21411 Civic Center Drive Suite 312
Southfield, MI 48076
248-386-9900
Bernadine@btroutlaw.com

Dated 6/20/2021

## JURY TRIAL DEMAND

Plaintiff demands trial by jury.

Respectfully Submitted,
BERNADINE B. TROUT, RN, LAW OFFICE

 /s/ *Bernadine B. Trout*
Bernadine B. Trout P47000
21411 Civic Center Drive Suite 312
Southfield, MI 48076
248-386-9900
Bernadine@btroutlaw.com

Dated 6/20/2021

## CERTIFICATE OF SERVICE

I hereby certify that on 6/23/2021, I electronically filed the forgoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: GREYHOUND LINES INC. 350 N St. Paul Street Dallas, TX 75201-4201 Serve on: C T CORPORATION SYSTEM Registered Agent (GREYHOUND LINES INC.)1015 15th Street, NW Suite 1000 Washington, D.C. 20005
.

 /s/ Bernadine B. Trout_____
Bernadine B. Trout P47000
21411 Civic Center Drive Suite 312
Southfield, MI 48076
248-386-9900
Bernadine@btroutlaw.com